**Brian ERNST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–02–273–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 17, 2005.

669

Joseph V. Collina, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for appellee.

Before Justices YAÑEZ, CASTILLO, and GARZA.

## OPINION

Opinion by Justice CASTILLO.

Appellant Brian Ernst appeals his conviction for indecency with a child.[1] Ernst pleaded guilty pursuant to an agreed punishment recommendation. The trial court followed the recommendation and sentenced Ernst to three years in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued. Ernst filed a clerk's record and reporter's record. In three issues, he asserts: (1) his constitutional right not to be prosecuted twice for the same offense was violated when the State re-indicted him for an alleged offense that was the subject of an expired pre-trial diversion agreement between Ernst and the State; (2) prosecution twice for the same alleged offense violated his due process rights; and (3) the State did not use due diligence in prosecuting Ernst for the alleged violation of his pre-trial diversion contract.

The trial court certified that Ernst has no right to appeal because this is a plea-bargain case. TEX.R.APP. P. 25.2(a)(2).[2] The rule refers only to plea

1. TEX. PEN.CODE ANN. § 21.11(a)(2)(B) (Vernon 2003).

2. Rule 25.2 states, in part:

(a) Rights to Appeal.
(2) Of the Defendant. A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02

bargains with regard to guilty pleas. *See Dears v. State,* 154 S.W.3d 610, 613 (Tex. Cr.App.2005). In a plea-bargain case, as here, we review the record to determine: (1) our jurisdiction; and (2) whether the trial court's certification is correct. *See id.* at 612–13; *see also Greenwell v. Thirteenth Court of Appeals,* No. AP–75,017, 159 S.W.3d 645, 648, 2005 WL 292418, at *2, 2005 Tex.Crim.App. LEXIS 217, at *7 (Feb. 9, 2005). "The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases." *Greenwell,* 159 S.W.3d at 649, 2005 WL 292418, at *2, 2005 Tex.Crim. App. LEXIS 217, at *7. Certification allows appealable cases to move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases. *Id.* If there is something in whatever record does exist that indicates that an appellant has the right to appeal, we must determine whether the certification is deficient and resolve the conflict. *See id.* We must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made part of the appellate record. *See Dears,* 154 S.W.3d at 613; *see* Tex.R.App. P. 25.2(d).

■ In this case, Ernst filed his appeal prior to the January 1, 2003 amendments to rule 25.2. Accordingly, he had filed a clerk's record and a reporter's record. In the record is a motion to dismiss. *See Greenwell,* 159 S.W.3d at 647, 2005 WL 292418, at *1, 2005 Tex.Crim.App. LEXIS 217, at *1. The trial court did not rule on the motion. *See id.*

and these rules. The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the

We have reviewed the record, as *Dears* instructs. *See Dears,* 154 S.W.3d at 614–15. This is a plea-bargain case. Tex. R.App. P. 25.2(a)(2). Ernst pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor. *See Greenwell,* 159 S.W.3d at 647, 2005 WL 292418, at *1, 2005 Tex.Crim. App. LEXIS 217, at *2. There is no written motion ruled on before trial. *See id.* at ——, 2005 WL 292418, at *1, 2005 Tex. Crim.App. LEXIS 217, at *1; *see* Tex. R.App. P. 25.2(a)(2)(A). The trial court did not give Ernst permission to appeal. *See* Tex.R.App. P. 25.2(a)(2)(B). We conclude that the trial court's certification that Ernst does not have the right to appeal is correct. We vacate this Court's order issued on May 26, 2004. *Greenwell,* 159 S.W.3d at 650, 2005 WL 292418, at *4, 2005 Tex.Crim.App. LEXIS 217, at *12. We dismiss the appeal. Tex.R.App. P. 25.2(d).

prosecutor and agreed to by the defendant-a defendant may appeal only:
(A) those matters that were raised by written motion filed and ruled on before trial, or
(B) after getting the trial court's permission to appeal.
Tex.R.App. P. 25.2(a)(2)