185 S.W.3d 535 (2006)
Andre Lamon MORGAN, Appellant,
v.
The STATE of Texas, Appellee.
No. 13-05-106-CR.
Court of Appeals of Texas, Corpus Christi-Edinburg.
February 2, 2006.
*536 Jonathan Munier, Houston, for appellant.
Donald W. Rogers, Jr., Asst. Dist. Atty., William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for state.
Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

OPINION
Opinion by Justice CASTILLO.
Appellant, Andre Lamon Morgan, raises six issues on appeal, contending that his plea of no contest to the offense of murder[1] was involuntary, the trial court erred in failing to withdraw the plea sua sponte, the conviction is void because the pre-sentence investigation report was reviewed prior to a finding of guilt, in violation of his rights to due process under the federal and the state constitutions, and the sentence of thirty years constitutes cruel and unusual punishment in violation of his rights under the federal and state constitutions. The State has filed a motion to dismiss for want of jurisdiction. We dismiss for want of jurisdiction.

I. BACKGROUND
Court documents dated September 20, 2004, show the following: (1) the State agreed to (a) abandon the two enhancement counts alleged in the indictment, (b) a pre-sentence investigation ("PSI"), and (c) a cap on punishment at forty years' confinement in the Texas Department of Criminal Justice; (2) Morgan judicially confessed to committing murder as alleged in the indictment; (3) Morgan waived his constitutional rights to a jury trial and to confront witnesses, and his right against self-incrimination; and (4) he acknowledged in writing his understanding of the statutory admonishments and the proceedings against him and the consequences of his plea of no contest.[2] On September 20, *537 2004, Morgan appeared before the trial court to enter a plea of no contest to the offense of murder. At the plea hearing, the State abandoned the enhancement allegations in the indictment. After admonishing Morgan, the trial court affirmatively accepted Morgan's no contest plea but deferred a finding of guilt, pending completion of the PSI.
On January 7, 2005, Morgan filed a motion to withdraw his plea on grounds that it was not knowingly and voluntarily made. At a hearing held January 12, 2005, Morgan testified as to his motion to withdraw the plea, and the trial court denied the motion. The trial court stated that the PSI was complete, and it sustained the defense's sole objection to the PSI on grounds that it contained recorded testimony that was not subject to cross-examination. Morgan testified during the sentencing phase and adduced evidence to support his claim of innocence and the involuntariness of his guilty plea. The trial court pronounced Morgan guilty of murder, assessed punishment at a thirty-year prison term, and entered judgment accordingly. This appeal ensued. The trial court has certified that this is not a plea bargain case and Morgan has the right of appeal. See TEX.R.APP. P. 25.2(a)(2), (d).

II. JURISDICTION
The State filed a motion to dismiss for want of jurisdiction on grounds that this is a plea-bargain case and Morgan does not have the right to appeal under rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. See TEX.R.APP. P. 25.2(a)(2). The State reasserts its argument in its appellate brief. In a plea-bargain case, we review the record to determine (1) our jurisdiction, and (2) whether the trial court's certification is correct. See Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App.2005); see also Greenwell v. Court of Appeals 13th Judicial Dist., 159 S.W.3d 645, 649 (Tex.Crim.App.2005); Ernst v. State, 159 S.W.3d 668, 670 (Tex. App.-Corpus Christi 2005, no pet.). We turn to the record to determine first whether this is a plea-bargain case.
During the hearing on his motion to withdraw the no contest plea, Morgan testified as follows on cross-examination:
Q: You plead no contest to this charge, right?
A: Yes.
Q: [Defense counsel] explained to you what the plea bargain in this case was, right? right?
A: Yes, sir.
Q: That the State would abandon two enhancement paragraphs and cap your punishment, possible punishment at 40 years, right?
A: Yes, sir.
There are two basic kinds of plea-bargaining, charge-bargaining and sentence-bargaining. See Shankle v. State, 119 S.W.3d 808, 813 (Tex.Crim.App. 2003) (en banc). Charge-bargaining involves whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and whether the prosecutor will dismiss, or refrain from bringing, other charges. Id. Sentence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended "cap" on sentencing and a recommendation for deferred-adjudication probation. Id.; see Perkins v. Court of Appeals, 738 S.W.2d 276, 283 (Tex.Crim.App.1987) (construing "cap" on punishment as part of a plea agreement). A plea-bargained case is one in which the defendant pleaded guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Threadgill v. State, 120 *538 S.W.3d 871, 872 (Tex.App.Houston [1st Dist.] 2003, no pet.); Waters v. State, 124 S.W.3d 825, 826 (Tex.App.Houston [14th Dist.] 2003, pet. ref'd) (holding that a conviction based on an agreement that puts a cap on punishment for the charged offense is subject to the restrictions on appeals from plea bargains set forth in Texas Rule of Appellate Procedure 25.2) (citing TEX. R.APP. P. 25.2).
In this case, the trial court, without objection, treated the plea consistent with proceedings in a plea-bargain case. In accordance with the terms of the plea-bargain agreement with the State, the trial court sentenced Morgan to confinement for a term within the agreed-to cap on punishment. We conclude that Morgan entered a no contest plea with a recommendation from the State with regard to punishment. Thus, rule 25.2(a)(2) applies.
In a plea bargain case  that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant  a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal.
TEX.R.APP. P. 25.2(a)(2). The plain import of the rule is that appeals from plea-bargain cases are limited to the situations set forth in the rule. See Greenwell, 159 S.W.3d at 649. However, our inquiry does not end there. We must decide whether the trial court's certification is correct. Dears, 154 S.W.3d at 613; Greenwell, 159 S.W.3d at 649.
Our conclusion that this is a plea-bargain case conflicts with the trial court's rule 25.2 certification indicating that "this is not a plea-bargain case." The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases. Greenwell, 159 S.W.3d at 649. Certification allows appealable cases to move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases. Id. When appeal is barred by rule 25.2(a)(2), the clerk's and court reporter's records need not be prepared, counsel need not be appointed, and briefs need not be filed. Id. On the other hand, if there is something in whatever record does exist that indicates that an appellant has the right to appeal, the court of appeals must determine whether the certification is deficient and resolve the conflict. Id. Thus, we must resolve the conflict. Id.
We have reviewed the record, as Dears[3] instructs, and conclude that this is a plea-bargain case. Morgan pleaded no contest to the charged offense, the punishment did not exceed the punishment recommended by the State, and it is consistent with Morgan's agreement, as the evidence demonstrates. There is no written motion ruled on before trial. See TEX.R.APP. P. 25.2(a)(2)(A). The trial court did not affirmatively grant permission to appeal. See TEX.R.APP. P. 25.2(a)(2)(B). The trial court certified that Morgan has the right to appeal on grounds that the case "is not a plea-bargain case." We conclude that the certification is incorrect. The record does not demonstrate that Morgan has the right to appeal. We resolve the deficiency in the trial court's certification against a finding of jurisdiction. Accordingly, we do not have jurisdiction to review Morgan's issues on appeal. TEX.R.APP. P. 25.2(a); see Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim.App.2000) (en banc).

*539 III. DISPOSITION

We grant the State's motion and dismiss the appeal for want of jurisdiction. TEX. R.APP. P. 25.2(a)(2).
NOTES
[1] See TEX. PEN.CODE ANN. § 19.02(b) (Vernon 2003).
[2] Morgan authenticated the documents in writing and orally.
[3] Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim.App.2005).