NUMBER 13-10-00453-CR



# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEVEN FARIAS,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                              Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

Appellant, Steven Farias, was convicted of robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02(b) (West 2003). The trial court assessed punishment at twelve years in the Institutional Division of the Texas Department of Criminal Justice. By one issue on appeal, Farias complains that his sentence is disproportionate to the seriousness of the alleged offense, in violation of the Eighth and

Fourteenth Amendments to the United States Constitution.  *See* U.S. CONST. amends. VIII, XIV.  We dismiss for want of jurisdiction.

## I. BACKGROUND

A Nueces County grand jury indicted Farias on July 15, 2010 for the second-degree felony offense of robbery.  On August 6, 2010, Farias waived his right to a jury trial, pleaded guilty to the charge, judicially confessed to committing the offense, and stipulated to evidence supporting his plea.  The trial court accepted the plea, found that the evidence substantiated a finding of guilt, and assessed punishment at twelve years' imprisonment.  The trial court subsequently signed an order certifying that, because the case "is not a plea bargain case," Farias had the right to appeal his conviction.  This appeal followed.

## II. JURISDICTION

The State argues that we lack jurisdiction over the instant appeal.  It contends that, although the trial court did certify Farias's right to appeal, that certification was defective because this is, in fact, a plea bargain case and Farias does not have the right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2).  *See* TEX. R. APP. P. 25.2(a)(2) (stating that, "[i]n a plea bargain case . . . a defendant may appeal only:  (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal."); *see also Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (noting that a certification is defective if it is correct in form but, when compared with the record before the court, proves to be inaccurate).

2

When the trial court's certification of a defendant's right to appeal is challenged as defective, we must review the record to determine (1) whether the trial court's certification is correct, and (2) our jurisdiction. *Dears*, 154 S.W.3d at 613; *Pena v. State*, 323 S.W.3d 522, 525 (Tex. App.—Corpus Christi 2010, no pet.); *Morgan v. State*, 185 S.W.3d 535, 537 (Tex. App.—Corpus Christi 2006, pet. ref'd).

We first determine whether this is, in fact, a plea-bargain case. In general, a plea bargain occurs where: (1) an offer is made or promised, (2) by an agent of the State in authority, (3) to promise a recommendation of sentence or some other concession such as a reduced charge in the case, (4) subject to the approval of the trial judge. *Pena*, 323 S.W.3d at 525 (citing *Wayne v. State*, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988)). There are two basic kinds of plea-bargaining: charge-bargaining and sentence-bargaining. *Morgan*, 185 S.W.3d at 537 (citing *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (en banc)). Charge-bargaining involves whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense and whether the prosecutor will dismiss, or refrain from bringing, other charges. *Id.* Sentence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended "cap" on sentencing and a recommendation for deferred-adjudication probation. *Id.* For purposes of determining a defendant's right to appeal, a plea bargain occurs when "a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant . . . ." TEX. R. APP. P. 25.2(a)(2).

The record before this Court shows unequivocally that Farias did, in fact, enter into a plea bargain agreement with the State. First, Farias initialed and signed a form containing various admonishments, which included the following:

> With the assistance of my lawyer, I have entered into a plea bargain with the State. My lawyer has explained the plea bargain to me. I understand the plea bargain and I agree to it. I understand that if the Court follows the plea bargain, I am not allowed to appeal the judgment of the Court unless the Court gives me permission to appeal or except on those matters raised by pretrial motion and ruled upon by the Court. Nevertheless, I want the court to accept my plea and to follow the plea bargain agreement.

Second, the following statements were made during the hearing at which the trial court accepted Farias's plea:

THE COURT: All right. Mr. Farias, I have paperwork here in front of me. This is the Court's paperwork in a plea proceeding. Here you tell the Court that you understand your rights, the punishment range for the offense; second degree felony is marked. You have signed certain portions where you give up certain rights, there is an application for deferred probation, and finally, then the Court's notice to you regarding your appellate rights. And since you and the State have reached a plea agreement, there is no right to appeal. Did you and [defense counsel] go over all of this paperwork?

THE DEFENDANT: Sir, yes, sir, Your Honorable Judge.

THE COURT: Okay. And did he explain it all to you?

THE DEFENDANT: Sir, yes, sir, Your Honorable Judge.

THE COURT: And did you understand it?

THE DEFENDANT: Sir, yes, sir, Your Honorable Judge.

THE COURT: Did you sign it?

THE DEFENDANT: Sir, yes, sir, Your Honorable Judge.

4

The prosecutor explained to the trial court as follows:

> Judge, for the Court's information, we have a plea agreement, a cap. In return for the Defendant's plea of guilty the State has agreed to cap punishment at 15 years in the penitentiary. We point out to the Court that the Defendant has a prior burglary of a habitation conviction which means the State could make him a repeat felony offender and boost the punishment range to five to 99 years or life. The State is foregoing that also as part of a reward for him pleading guilty today. So the cap is to 15 years, and I believe the Defendant is going to ask for probation, Judge.

Defense counsel then acknowledged that the prosecutor's recitation of the plea agreement was correct. In accordance with the terms of the plea bargain agreement with the State, the trial court then sentenced Farias to confinement for a term within the agreed-upon punishment cap. *See Morgan*, 185 S.W.3d at 538. We conclude that this is a plea-bargain case to which rule 25.2(a)(2) applies. *See id.*

Our conclusion that this is a plea-bargain case conflicts with the trial court's rule 25.2(a)(2) certification, which stated that Farias has the right to appeal because "this is not a plea-bargain case." *See id.* The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases. *Id.* (citing *Greenwell v. Court of Appeals for the 13th Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005)). Certification allows appealable cases to move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases. *Id.* When appeal is barred by rule 25.2(a)(2), the clerk's and court reporter's records need not be prepared, counsel need not be appointed, and briefs need not be filed. *Id.* On the other hand, if there is something in whatever record does exist that indicates that an appellant has the right to appeal, the court of appeals must determine whether the certification is deficient and resolve the conflict. *Id.* Thus, we must resolve the conflict. *Id.*

A full record of the trial court proceedings has been filed in this case. Having reviewed that record, *see Dears*, 154 S.W.3d at 613, we conclude that the trial court erred in certifying that this "is not a plea bargain case."[1] Farias pleaded guilty to the charged offense, the punishment did not exceed the punishment recommended by the State, and the punishment is consistent with the agreement between Farias and the State as that agreement appears in the plea hearing record. Moreover, there was no written motion ruled on before trial, *see* TEX. R. APP. P. 25.2(a)(2)(A); and the trial court's certification did not affirmatively grant *permission* to appeal but rather only certified Farias's *right* to appeal on grounds that this "is not a plea-bargain case." *See* TEX. R. APP. P. 25.2(a)(2)(B); *Morgan*, 185 S.W.3d at 538.

Instead, the record affirmatively demonstrates that Farias entered into a plea bargain agreement with the State. Accordingly, the trial court's certification was incorrect, and "[w]e resolve the deficiency in the trial court's certification against a finding of jurisdiction." *Morgan*, 185 S.W.3d at 538. We conclude that we lack jurisdiction to review Farias's issue on appeal.[2] TEX. R. APP. P. 25.2(a); *see Pena*, 323

---

[1] The trial court also erred in stating, at the conclusion of Farias's plea hearing, that "this [sentence] did not happen pursuant to a plea agreement, you do have the right to appeal and I'll give you that notice."

[2] We need not remand to the trial court to amend or correct its rule 25.2(a)(2) certification because the record affirmatively demonstrates that Farias does not have the right to appeal; thus, even if we were to order the trial court to amend its certification, Farias would still be unable to appeal his conviction. *See Pena v. State*, 323 S.W.3d 522, 526-27 (Tex. App.—Corpus Christi 2010, no pet.) (stating that "we do not need to order the trial court to correct the certification because the record affirmatively demonstrates that [appellant] does not have the right to appeal" and noting that "an appellate court can use its discretion to determine when it is appropriate to require a new certification . . ."); *Morgan v. State*, 185 S.W.3d 535, 538 (Tex. App.—Corpus Christi 2006, pet. ref'd) (same); *but see Menjivar v. State*, 264 S.W.3d 137, 142 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[W]hen the certification is defective by stating that a right of appeal exists where the record affirmatively shows no right of appeal, we must (1) order the trial court to amend the certification to correct the defect in the certification and (2) give both parties advance notice of our intent to dismiss the appeal.").

6

S.W.3d at 527; *Morgan*, 185 S.W.3d at 538 (citing *Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) (en banc)).

### III. CONCLUSION

The appeal is dismissed for want of jurisdiction.


DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
18th day of August, 2011.