NUMBER 13-10-00453-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

STEVEN FARIAS,                                                                          Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 319th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            Appellant, Steven Farias,
was convicted of robbery, a second-degree felony.  See Tex. Penal Code Ann. § 29.02(b) (West
2003).  The trial court assessed punishment at twelve years in the
Institutional Division of the Texas Department of Criminal Justice.  By one issue on
appeal, Farias complains that his sentence is disproportionate to the seriousness
of the alleged offense, in violation of the Eighth and Fourteenth Amendments to
the United States Constitution.  See U.S.
Const. amends. VIII, XIV.  We dismiss for want of jurisdiction.

I. 
Background

            A Nueces County grand jury
indicted Farias on July 15, 2010 for the second-degree felony offense of
robbery.  On August 6, 2010, Farias waived his right to a jury trial, pleaded
guilty to the charge, judicially confessed to committing the offense, and
stipulated to evidence supporting his plea.  The trial court accepted the plea,
found that the evidence substantiated a finding of guilt, and assessed
punishment at twelve years’ imprisonment.  The trial court subsequently signed
an order certifying that, because the case “is not a plea bargain case,” Farias
had the right to appeal his conviction.  This appeal followed.

II.  Jurisdiction

            The State argues that we
lack jurisdiction over the instant appeal.  It contends that, although the
trial court did certify Farias’s right to appeal, that certification was defective
because this is, in fact, a plea bargain case and Farias does not have the
right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2).  See
Tex. R. App. P. 25.2(a)(2) (stating
that, “[i]n a plea bargain case . . . a defendant may appeal only:  (A) those
matters that were raised by written motion filed and ruled on before trial, or
(B) after getting the trial court’s permission to appeal.”); see also Dears
v. State, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (noting that a
certification is defective if it is correct in form but, when compared with the
record before the court, proves to be inaccurate).

When the trial court’s certification
of a defendant’s right to appeal is challenged as defective, we must review the
record to determine (1) whether the trial court’s certification is correct, and
(2) our jurisdiction.  Dears, 154 S.W.3d at 613; Pena v. State,
323 S.W.3d 522, 525 (Tex. App.—Corpus Christi 2010, no pet.); Morgan v.
State, 185 S.W.3d 535, 537 (Tex. App.—Corpus Christi 2006, pet. ref’d).

We first determine whether this is, in
fact, a plea-bargain case.  In general, a plea bargain occurs where:  (1) an
offer is made or promised, (2) by an agent of the State in authority, (3) to
promise a recommendation of sentence or some other concession such as a reduced
charge in the case, (4) subject to the approval of the trial judge.  Pena,
323 S.W.3d at 525 (citing Wayne v. State, 756 S.W.2d 724, 728 (Tex.
Crim. App. 1988)).  There are two basic kinds of plea-bargaining:  charge-bargaining
and sentence-bargaining.  Morgan, 185 S.W.3d at 537 (citing Shankle
v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (en banc)).  Charge-bargaining
involves whether a defendant will plead guilty to the offense that has been
alleged or to a lesser or related offense and whether the prosecutor will
dismiss, or refrain from bringing, other charges.  Id.  Sentence-bargaining
may be for binding or non-binding recommendations to the court on sentences,
including a recommended “cap” on sentencing and a recommendation for
deferred-adjudication probation.  Id.  For purposes of determining a
defendant’s right to appeal, a plea bargain occurs when “a defendant’s plea was
guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant . . . .”  Tex. R. App. P. 25.2(a)(2).

            The record before this
Court shows unequivocally that Farias did, in fact, enter into a plea bargain
agreement with the State.  First, Farias initialed and signed a form containing
various admonishments, which included the following:

With the assistance of my lawyer, I
have entered into a plea bargain with the State.  My lawyer has explained the
plea bargain to me.  I understand the plea bargain and I agree to it.  I
understand that if the Court follows the plea bargain, I am not allowed to
appeal the judgment of the Court unless the Court gives me permission to appeal
or except on those matters raised by pretrial motion and ruled upon by the
Court.  Nevertheless, I want the court to accept my plea and to follow the plea
bargain agreement.

 

Second, the following statements were
made during the hearing at which the trial court accepted Farias’s plea:

THE COURT:               All right. 
Mr. Farias, I have paperwork here in front of me.  This is the Court’s
paperwork in a plea proceeding.  Here you tell the Court that you understand
your rights, the punishment range for the offense; second degree felony is
marked.  You have signed certain portions where you give up certain rights,
there is an application for deferred probation, and finally, then the Court’s
notice to you regarding your appellate rights.  And since you and the State
have reached a plea agreement, there is no right to appeal.  Did you and
[defense counsel] go over all of this paperwork?

 

THE DEFENDANT:    Sir, yes, sir, Your
Honorable Judge.

 

THE COURT:               Okay.  And
did he explain it all to you?

 

THE DEFENDANT:    Sir, yes, sir, Your
Honorable Judge.

 

THE COURT:               And did you
understand it?

 

THE DEFENDANT:    Sir, yes, sir, Your
Honorable Judge.

 

THE COURT:               Did you sign
it?

 

THE DEFENDANT:    Sir, yes, sir, Your
Honorable Judge.

 

The prosecutor explained to the trial
court as follows:

Judge, for the Court’s information, we
have a plea agreement, a cap.  In return for the Defendant’s plea of guilty the
State has agreed to cap punishment at 15 years in the penitentiary.  We point
out to the Court that the Defendant has a prior burglary of a habitation
conviction which means the State could make him a repeat felony offender and
boost the punishment range to five to 99 years or life.  The State is foregoing
that also as part of a reward for him pleading guilty today.  So the cap is to
15 years, and I believe the Defendant is going to ask for probation, Judge.

 

Defense counsel then acknowledged that
the prosecutor’s recitation of the plea agreement was correct.  In accordance
with the terms of the plea bargain agreement with the State, the trial court then
sentenced Farias to confinement for a term within the agreed-upon punishment
cap.  See Morgan, 185 S.W.3d at 538.  We conclude that this is a
plea-bargain case to which rule 25.2(a)(2) applies.  See id.

Our conclusion that this is a
plea-bargain case conflicts with the trial court’s rule 25.2(a)(2) certification,
which stated that Farias has the right to appeal because “this is not a
plea-bargain case.”  See id.  The purpose of the certification requirement
is to efficiently sort appealable cases from non-appealable cases.  Id. (citing
Greenwell v. Court of Appeals for the 13th Judicial Dist., 159 S.W.3d
645, 649 (Tex. Crim. App. 2005)).  Certification allows appealable cases to
move through the system unhindered while eliminating, at an early stage, the
time and expense associated with non-appealable cases.  Id.  When appeal
is barred by rule 25.2(a)(2), the clerk’s and court reporter’s records need not
be prepared, counsel need not be appointed, and briefs need not be filed.  Id.
 On the other hand, if there is something in whatever record does exist that
indicates that an appellant has the right to appeal, the court of appeals must
determine whether the certification is deficient and resolve the conflict.  Id.
 Thus, we must resolve the conflict.  Id.

A full record of the trial court
proceedings has been filed in this case.  Having reviewed that record, see
Dears, 154 S.W.3d at 613, we conclude that the trial court erred in
certifying that this “is not a plea bargain case.”[1]
 Farias pleaded guilty to the charged offense, the punishment did not exceed
the punishment recommended by the State, and the punishment is consistent with the
agreement between Farias and the State as that agreement appears in the plea
hearing record.  Moreover, there was no written motion ruled on before trial, see
Tex. R. App. P. 25.2(a)(2)(A);
and the trial court’s certification did not affirmatively grant permission
to appeal but rather only certified Farias’s right to appeal on grounds
that this “is not a plea-bargain case.”  See Tex. R. App. P. 25.2(a)(2)(B); Morgan, 185 S.W.3d at
538.  

Instead, the record affirmatively demonstrates
that Farias entered into a plea bargain agreement with the State.  Accordingly,
the trial court’s certification was incorrect, and “[w]e resolve the deficiency
in the trial court’s certification against a finding of jurisdiction.”  Morgan,
185 S.W.3d at 538.  We conclude that we lack jurisdiction to review Farias’s
issue on appeal.[2]
 Tex. R. App. P. 25.2(a); see Pena,
323 S.W.3d at 527; Morgan, 185 S.W.3d at 538 (citing Young v. State,
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) (en banc)).

III. 
Conclusion

            The appeal is dismissed
for want of jurisdiction.

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

18th
day of August, 2011.









[1]
The trial court also erred in stating, at the conclusion of Farias’s plea
hearing, that “this [sentence] did not happen pursuant to a plea agreement, you
do have the right to appeal and I’ll give you that notice.”

 





[2]
We need not remand to the trial court to amend or correct its rule 25.2(a)(2)
certification because the record affirmatively demonstrates that Farias does
not have the right to appeal; thus, even if we were to order the trial court to
amend its certification, Farias would still be unable to appeal his
conviction.  See Pena v. State, 323 S.W.3d 522, 526-27 (Tex. App.—Corpus
Christi 2010, no pet.) (stating that “we do not need to order the trial court
to correct the certification because the record affirmatively demonstrates that
[appellant] does not have the right to appeal” and noting that “an appellate
court can use its discretion to determine when it is appropriate to require a
new certification . . .”); Morgan v. State, 185 S.W.3d 535, 538 (Tex.
App.—Corpus Christi 2006, pet. ref’d) (same); but see Menjivar v. State,
264 S.W.3d 137, 142 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (“[W]hen the
certification is defective by stating that a right of appeal exists where the
record affirmatively shows no right of appeal, we must (1) order the trial
court to amend the certification to correct the defect in the certification and
(2) give both parties advance notice of our intent to dismiss the appeal.”).