COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| FRANCISCO JAVIER MOLINAR, | § | No. 08-12-00180-CR |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 7 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20100C06821) |
| | § | |

## O P I N I O N

Francisco Javier Molinar appeals his conviction of driving while intoxicated. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. The trial court found Appellant guilty and, in accordance with an agreement between the State and Appellant, assessed his punishment at a fine of $500 and confinement in the county jail for 180 days, probated for twelve months. We affirm.

## PROCEDURAL BACKGROUND

Appellant filed written motions prior to trial, including a motion to suppress and a motion for a *Daubert*[1] hearing. After a hearing, the trial court denied Appellant's motion to exclude evidence related to the intoxilyzer test. Appellant subsequently entered his plea of guilty and the punishment assessed did not exceed that recommended by the prosecutor and agreed to by the

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

defendant. The trial court certified that Appellant had a right to appeal those matters raised by written motion and ruled on prior to trial.

## APPELLATE JURISDICTION TO ADDRESS ISSUES

Appellant raises three issues on appeal. In Issue One, he complains that the trial court abused its discretion by granting an oral motion for continuance because the motion was not in writing or sworn to as required by Article 29.03 of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 29.03 (West 2006)(requiring motion for continuance by State or defendant to be made in writing and to set forth sufficient cause in the motion); TEX.CODE CRIM.PROC.ANN. art. 29.08 (West 2006)("All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance."). Similarly, in his second issue, Appellant contends that the trial court abused its discretion by granting another oral motion for continuance by the State because it did not include the information required by Article 29.05. *See* TEX.CODE CRIM.PROC.ANN. art. 29.05 (West 2006). In Issue Three, Appellant argues that the court reporter did not make a record of the "bench conferences" as required by TEX.R.APP.P. 13.1.[2] The State responds that we lack jurisdiction to review these issues because they were not raised by written motion prior to trial and the trial court did not grant Appellant permission to appeal them. We agree.

Rule 25.2(a)(2) provides in relevant part that:

In a plea bargain case--that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant--a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial; or

(B) after getting the trial court's permission to appeal.

---

[2] Rule 13.1 requires the official court reporter or recorder to make a full record of the proceedings unless excused by agreement of the parties. TEX.R.APP.P. 13.1(a).

TEX.R.APP.P. 25.2(a)(2); *see* TEX.CODE CRIM.PROC.ANN. art. 44.02 (West 2007). Given that the basis of Appellant's complaint in the first two issues is that the State failed to file a written motion for continuance, Appellant's first two issues do not concern the trial court's ruling on a written motion filed and ruled upon prior to trial. Likewise, Appellant does not assert, and there is nothing in the record showing, that Issue Three was raised by written motion prior to entry of the guilty plea. While the trial court certified Appellant had a right to appeal the written motions filed and ruled on prior to trial, the court did not certify that it had granted permission to appeal any other issues. Further, there is nothing in the record to indicate the court affirmatively granted Appellant permission to appeal the issues related to the oral motions for continuance or the court reporter's alleged failure to make a full record of the proceedings. *See Morgan v. State*, 185 S.W.3d 535, 538 (Tex.App.--Corpus Christi 2006, pet. ref'd) (the court of appeals concluded that even though the trial court certified the defendant had a right to appeal, the trial court did not affirmatively grant permission to appeal). Accordingly, we lack jurisdiction to review Issues One through Three. Although we do not have jurisdiction to address the issues actually raised on appeal, the trial court correctly certified that Appellant has a right to appeal the rulings on the written motions. Because Appellant has not raised any issue related to those rulings, we affirm the judgment of the trial court.

March 19, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)