

**NUMBER 13-09-00345-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**ROY PENA,**                                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

---

**On appeal from the 94th District Court
of Nueces County, Texas.**

---

# O P I N I O N

**Before Justices Rodriguez, Benavides, and Vela
Opinion by Justice Benavides**

Appellant, Roy Pena, appeals his conviction after pleading guilty to burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). Pena, as a two-time repeat felony offender, was subject to punishment as a habitual felony offender and twenty-five to ninety-nine years' imprisonment. *See id.* § 12.42(d) (Vernon Supp. 2009).

By way of a plea bargain, Pena confessed to the burglary of the home in exchange for a sentence cap on his punishment and for having his sentence enhanced by only one prior felony. Pena agreed to be charged with a first-degree felony for the burglary of a habitation and to a reduced sentence of no more than twenty-five years' imprisonment. *See id*. § 12.42(b). The trial court approved the plea bargain and sentenced Pena to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By a single issue, Pena argues that he received ineffective assistance of counsel. We dismiss for lack of jurisdiction.

## I. BACKGROUND

On December 12, 2008, eighteen-year-old S.R. was alone at her family home in Corpus Christi, Texas. She heard the back doorknob rattling, as if someone were trying to open the door. S.R. then heard one of the rear windows open. From about ten to fifteen feet away, she saw a man's hands protrude through the blinds to grab the window frame, as though he were trying to pull himself in through the window. She saw the man's face and recognized him as her neighbor, Roy Pena.[1] S.R. grabbed a pair of scissors for protection and yelled at Pena. Upon hearing S.R. yell, Pena jumped out of the window and fled towards his house, yelling and screaming. S.R. called the police. When the police arrived, they found smudges on the window, which were later identified as Pena's fingerprints. Neighbors told the officers that they recognized the screams as Pena's. Police subsequently went to Pena's home and arrested him. On February 20, 2009, Pena was charged with burglary of a habitation as a habitual felony offender.

---

[1] Pena previously pleaded guilty to indecency with a child when he exposed himself to nine-year-old S.R.

After Pena pleaded guilty pursuant to a plea bargain with the State, the trial court sentenced him to fifteen years' imprisonment and certified Pena's right to appeal. On May 18, 2009, Pena filed a notice of appeal with the trial court. Four days later, Pena filed motions for a new trial and in arrest of judgment, which were both denied. On appeal, Pena claims that he suffers from schizophrenic-paranoia and that his trial counsel provided him with ineffective assistance.

## II. JURISDICTION

Before we can discuss the merits of Pena's appeal, we must first address the State's argument that we should dismiss his appeal. The State contends that Pena does not have the right to an appeal because this is a plea bargain case and Pena's sentence did not exceed that recommended by the State. The State asserts that the trial court's certification of the appeal is defective because it indicates that Pena did not make a plea bargain and has the right to appeal, when he in fact did enter into a plea bargain.

Because this issue concerns a plea bargain, "we review the record to determine (1) our jurisdiction, and (2) whether the trial court's certification is correct." *Morgan v. State*, 185 S.W.3d 535, 537 (Tex. App–Corpus Christi 2006, pet. ref'd). The threshold issue is whether there was a plea bargain. *Id.* A plea bargain occurs when "a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant . . . ." TEX. R. APP. P. 25.2(a)(2). There are four general elements necessary to constitute a plea bargain: "(1) that an offer be made or promised, (2) by an agent of the State in authority, (3) to promise a recommendation of sentence or some other concession such as a reduced charge in the case, (4) subject to the approval of the trial judge." *Wayne v. State*, 756 S.W.2d 724, 728

3

(Tex. Crim. App. 1988). At trial, the judge expressly notified Pena that he was accepting a plea bargain and was unlikely to be allowed to appeal it:

> [Judge:]  Now, look, Mr. Pena, here's the deal: It sounds like a[n] open plea but it's really a plea agreement, okay? It's a deal that your lawyer has worked out with the State's lawyer and the deal is this, they're agreeing to drop one of the enhancements and they're agreeing to a cap . . . . [I]f I give you a sentence within that range you're not going to have a right to appeal essentially because I will have followed the deal. You understand that?
>
> . . . .

[Defendant:] Yes, sir.

Neither party contests that this is a plea bargain case. The record demonstrates that Pena entered into a plea bargain with the State and that he knew that an appeal would be impermissible. *See id.* The trial court did not exceed the recommended punishment of twenty-five years. We conclude that this is a plea bargain case.

We must next determine whether Pena is entitled to appeal his conviction. "In a plea bargain case . . . a defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). Pena raised no written motions prior to trial, and the trial court did not affirmatively grant permission to appeal. *See Morgan*, 185 S.W.3d at 538 (noting that even though the trial court certified an appeal, "[t]he trial court did not affirmatively grant permission to appeal"). While the trial court certified Pena's appeal, we must decide whether, as the State argues, that certification is defective. *See Dears v. State*, 145 S.W.3d 610 (Tex. Crim. App. 2005). If the certification is defective, then Pena

4

does not have the right to appeal his conviction, and we do not have jurisdiction. *See* TEX. R. APP. P. 25.2(a)(2); *see also Morgan*, 185 S.W.3d at 538.

In determining whether a certification is defective, this Court has a "duty" to examine the record. *Dears,* 154 S.W.3d at 614. "[A] defective certification should include a certification which is correct in form but which, when compared with the record before the court, proves to be inaccurate." *Id.* Pena's certification of appeal is defective because it inaccurately characterizes his conviction as not arising out of a plea bargain, when the record demonstrates there was a plea bargain. *See id.* Because the requisites of rule 25.2 have not been satisfied, we do not have jurisdiction over this appeal. TEX. R. APP. P. 25.2(a)(2); *Morgan*, 185 S.W.3d at 538.

Having determined that Pena's appeal was the result of a plea bargain and that the trial court's certification was defective, the lingering issue is whether we must order the trial court to amend the certification or whether we can dismiss the case without such a step. *See Few v. State*, 230 S.W.3d 184, 186-90 (Tex. Crim. App. 2007) (remanding case where appellant filed notice of a appeal under an incorrect cause number); *see also Menjivar v. State*, 264 S.W.3d 137, 142 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (interpreting *Few* to require a remand to the trial court to correct a defective certification); *but see Morgan*, 185 S.W.3d at 188-89 (dismissing a case for lack of jurisdiction when a certification was defective). We hold that under the circumstances here, we must dismiss.

In *Few*, the Texas Court of Criminal Appeals addressed the dismissal of a case due to an incorrect cause number in Few's notice of appeal. 230 S.W.3d at 186. Dismissal for an incorrect cause number, unlike a defective certification where there is no underlying right of appeal, bars an appeal based on a purely procedural error, rather than a

5

substantive restriction. *See id.* at 189 ("[O]ur appellate rules . . . disfavor() disposing of appeals based upon harmless procedural defects."). In *Few*, the court noted that "[t]he Texas Rules of Appellate Procedure were amended in 2002 to prevent trivial, repairable mistakes or defects from divesting appellate courts of the jurisdiction to consider the merits of both State and defense appeals in criminal cases." *Id.* at 187. Here, a substantive rule, not the defect, prevents us from hearing Pena's appeal. *See* TEX. R. APP. P. 25.2(a)(2); *see also Greenwell v. Thirteenth Court of Appeals,* 159 S.W.3d 645, 649 (Tex. Crim. App. 2005).

An appellate court can use its discretion to determine when it is appropriate to require a new certification under rule of appellate procedure 37.1. *See Dears*, 154 S.W.3d at 614 (concluding "that an appellate court has the ability . . . to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate"); *see also* TEX. R. APP. P 34.5(c), 37.1. It is appropriate to order a trial judge to amend a certification of appeal when a procedural error "abridge[s]" a defendant's right to appeal. *See Dears*, 154 S.W.3d at 614. (noting that appellate rule 37.1 is the vehicle for amending defective certifications where a correctable error impedes a defendant's right to appeal). Here, the trial court's defective certification enlarges Pena's rights by stating that he has a right to appeal when he does not. Pena's appeal is easily distinguishable from Few's appeal: Few had the right to appeal, but made a trivial procedural mistake; Pena had no right to appeal in the first place.

Unlike Few, Pena has no right to appeal this case because he confessed in exchange for a plea bargain. TEX. R. APP. P. 25.2(a)(2); *Wayne*, 756 S.W.2d 728; *see Few*, 230 S.W.3d at 186. As such, rule 25(a)(2) does not authorize Pena's appeal. *See Morgan*, 185 S.W.3d at 538. "We resolve the deficiency in the trial court's certification

6

against a finding of jurisdiction." *Id.* at 538. "A court of appeals, while having jurisdiction to ascertain whether an appellant who plea bargained is permitted to appeal by rule 25(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc). While the trial judge erred in certifying Pena's case for appeal, the fact remains that Rule 25(a)(2) does not grant us jurisdiction to hear this appeal. *Morgan*, 185 S.W.3d at 538. *See Greenwell*, 159 S.W.3d at 649. Even if we were to order the trial court to amend its certification, Pena would still be unable to appeal his conviction. *See* TEX. R. APP. P. 25.2(a)(2); *see also Morgan*, 185 S.W3d at 538; *Greenwell*, 159 S.W.3d at 649. We conclude that we do not need to order the trial court to correct the certification because the record affirmatively demonstrates that Pena does not have the right to appeal.

### III. CONCLUSION

For the foregoing reasons, we dismiss Pena's appeal for lack of jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of July, 2010.

7