

# NUMBER 13-11-00120-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VICTOR HUGO SALINAS TEJEDA,                                      Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Pursuant to a plea agreement with the State, appellant, Victor Hugo Salinas Tejeda, pleaded guilty to two counts of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02 (West 2003). The trial court sentenced appellant to ten years' confinement and ordered restitution of $44,332. By three issues, appellant challenges the trial court's order of restitution. We dismiss for want of jurisdiction.

## I.    BACKGROUND

On May 13, 2010, the home of Patricia Rios was burglarized.  The burglary was captured on video surveillance.  During this incident, the perpetrators disabled Rios's alarm system.  On May 16, 2010, Rios's home was again burglarized; this incident was also captured on video surveillance.  In addition to stealing property including, among other things, computers, televisions, ceiling fans, and bedroom sets, the suspects also set a mattress on fire.

On July 20, 2010, a grand jury indicted appellant for two counts of second-degree burglary of a habitation occurring on May 13, 2010 and one count of first-degree burglary of a habitation occurring on May 16, 2010.  *See id.*  On November 8, 2010, appellant pleaded guilty to burglary with intent to commit theft occurring on May 13 and to burglary with intent to commit theft occurring on May 16. This appeal followed.

## II.    JURISDICTION

The State alleges that we lack jurisdiction over this case.  The State argues that under Texas Rule of Appellate Procedure 25.2(a)(2) appellant is barred from appealing his conviction because this is a plea bargain case and the trial court has not given appellant permission to appeal.  *See* TEX. R. APP. P. 25.2(a)(2) (stating that, "[i]n a plea bargain case . . . a defendant may appeal only:  (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal").  We note that the clerk's record contains the trial court's certification stating that "This criminal case is not a plea bargain, and the Defendant has the right of appeal."[1]

_____

[1] The State points to State's exhibits 4 and 4-A, admitted at the plea hearing, signed by another judge stating, "This criminal case is a plea bargain, and the Defendant has NO right of appeal."  These documents are included in the clerk's record; however, they are merely identified in the table of contents of the clerk's record as State's exhibits 4 and 4-A.  The documents were not file stamped by the District

This issue concerns a plea bargain; therefore, "we review the record to determine (1) our jurisdiction, and (2) whether the trial court's certification is correct." *Pena v. State*, 323 S.W.3d 522, 525 (Tex. App.—Corpus Christi 2010, no pet.) (citing *Morgan v. State*, 185 S.W.3d 535, 537 (Tex. App—Corpus Christi 2006, pet. ref'd)). A plea bargain exists when "a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant . . . ." TEX. R. APP. P. 25.2(a)(2). "There are four general elements necessary to constitute a plea bargain: '(1) that an offer be made or promised, (2) by an agent of the State in authority, (3) to promise a recommendation of sentence or some other concession such as a reduced charge in the case, (4) subject to the approval of the trial judge.'" *Pena*, 323 S.W.3d at 525 (citing *Wayne v. State*, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988)).

At the plea hearing, the State informed the trial court that a plea agreement had been reached and defense counsel did not object. The trial court stated it would accept the plea agreement and admonished the defendant of the consequences of entering a guilty plea. The trial court admitted State's exhibits 1, 3, and 3-A, which included: (1) the appellant's waiver of rights and consent to stipulation of evidence and plea of guilty or no contest; (2) the plea admonishments; and (3) the agreed punishment recommendation and post-conviction waivers for both charges. The agreed punishment recommendation and post-conviction waivers set out that, in exchange for appellant's plea of guilty, the State would recommend that the trial court sentence appellant to ten

Clerk.

It appears, therefore, that this Court was not aware of these documents when the record was filed; and, on March 9, 2011, we informed the District Clerk that appellant was appealing his conviction and requested the trial court's certification. On March 29, 2011, a supplemental clerk's record was filed in this Court with the certification stating this cause was not a plea bargain case.

years' confinement and that the State would not oppose shock probation. The State also agreed to dismiss count three of the indictment—the first-degree burglary of a habitation charge.

At the plea hearing, the trial court explained that if appellant entered into a plea bargain and the trial court accepted and followed the plea bargain, appellant was "waiving . . . giving up some very valuable rights" including, among other things, the right to file a motion for new trial, and the right to file a notice of appeal. Appellant stated that his attorneys had explained those waivers of rights to him, that he understood those waivers, and that he was asking the trial court to accept and approve the plea bargain. The written plea admonishments, signed by appellant, stated that "If the punishment assessed does not exceed the agreement between you and the prosecutor, the [trial court] must give permission before you can appeal on any matter in the case except for matters raised by written motion before trial." The agreed punishment recommendation and post-conviction waivers stated the following:

> I understand that I have the legal right to appeal my conviction, and also the right to be represented on appeal by an attorney of my choice, or if I am too poor to pay for such attorney or the record on appeal, the Court will, without expense to me provide an attorney and a proper record for such an appeal, but after consulting with my attorney and in return for the State making a recommendation on punishment to the Court, I voluntarily, knowingly, and intelligently waive my right to appeal and my right to file a motion for new trial.

> I further state that I accept the State's plea offer as stated in this document. . . .

Appellant's signature appears directly below this paragraph.

The record demonstrates that appellant entered into a plea bargain with the State, and the trial court did not exceed the recommended punishment of ten years. *See id.* Therefore, this is a plea bargain case. *See id.* Moreover, there was no written

4

motion ruled on before trial, *see* TEX. R. APP. P. 25.2(a)(2)(A); and the trial court's certification did not affirmatively grant appellant permission to appeal but rather only certified that he has a right to appeal because this "is not a plea-bargain case." *See id.* R. 25.2(a)(2)(B).

We conclude that the trial court's certification of appeal is defective because it inaccurately characterizes appellant's conviction as not arising out of a plea bargain, when the record clearly demonstrates there was a plea bargain. *See Pena*, 323 S.W.3d at 525. Accordingly, we do not have jurisdiction over this appeal. TEX. R. APP. P. 25.2(a)(2); *Sherwood v. State*, 340 S.W.3d 929, 932 (Tex. App.—El Paso 2011, no pet.) ("[W]hen the record is clear that the defendant waived any and all rights to appeal, ordering a corrected certification would serve no purpose other than to delay further proceedings as the defendant would still be unable to appeal his conviction."); *Pena*, 323 S.W.3d at 525 (explaining that the appellate court was not required "to order the trial court to correct the certification because the record affirmatively demonstrates that [the appellant] did not have the right to appeal").

### III. CONCLUSION

This appeal is dismissed for want of jurisdiction.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
2nd day of February, 2012.