TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00148-CR

NO. 03-11-00149-CR

NO. 03-11-00150-CR

NO. 03-11-00187-CR






Kenneth Ronald Knowles, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT

NOS. CR2009-446, CR2010-154, CR2010-155, CR2010-156

HONORABLE JACK H. ROBISON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In November 2009, appellant Kenneth Ronald Knowles was charged with continuous
sexual abuse of his eight-year-old granddaughter (trial court cause number CR2009-446, our
cause number 03-11-00148-CR). In April 2010, he was indicted for three additional charges--the
continuous sexual abuse of two neighbors and one count of witness tampering. After the trial court
denied a motion to quash he filed the morning the cases were set to go to trial, (1) Knowles pled guilty
to all four charges and was sentenced in accordance with his plea bargains with the State. The trial
court certified in all four causes that Knowles had no right to appeal both because the causes were
plea-bargained cases and because he waived the right to appeal. See Tex. R. App. P. 25.2.

 Knowles asserts that he did not waive his right to appeal the trial court's refusal to
grant his day-of-trial motion to quash, which he claims was a written motion filed and ruled on
pretrial. See id. R. 25.2(a)(2); Ex parte Broadway, 301 S.W.3d 694, 697 n.4 (Tex. Crim. App.
2009). However, although Knowles filed notices of appeal in all four causes, the motion to quash
at issue here was only filed in trial court cause CR2009-446 (our cause number 03-11-00148-CR),
and we are thus confined to considering whether Knowles retained any right to appeal in that cause
alone. Knowles does not raise any arguments related to whether he retained the right to appeal in
the other three cases, so we must dismiss the appeals in cause numbers 03-11-00149-CR, 03-11-00150-CR, and 03-11-00187-CR. See Tex. R. App. P. 25.2(d).


Procedural Background

 On February 22, 2011, the trial court called CR2009-446 for jury trial, stating that the
jury panel was ready to proceed. The State and Knowles stated that they were present and ready for
trial, and the prosecutor then stated that the State and Knowles had worked out a plea agreement in
CR2009-446 and the other three cause numbers. Knowles then said, "Your Honor, we have one
pretrial matter that we would like to present to the court." The trial court refused, saying:


That's well and good. Pretrials happen at multiple times, and you haven't presented
anything untimely [sic] to present any pretrial matters on the morning of trial when
the jury panel is waiting. You were here last Thursday and that was a pretrial setting,
and there has been--I see probably one, two, three, four, five--five different pretrial
motions settings that I see right off the top that you have been at. That would have
been the time--and here is another back in January of 2010, December of 2009. If
you had a pretrial matter to raise, that would have been the time to raise it. It is
untimely to raise anything pretrial today. This is the day of trial.

The court went on to say, "You either go to trial or don't. I don't care, but there is nothing pretrial
going to be considered. It is untimely."

 Knowles asserted that because the issue raised in his motion to quash was related to
the constitutionality of a statute, he had the right to bring it up at any point before trial, but the court
reiterated that the motion was untimely. The State, when asked its opinion about the timeliness
of the motion, said, "Your Honor, it's an easy matter to resolve because regardless of the jury,
whether we have waived it timely or not, the Court of Appeals out of Austin has issued a published
opinion directly against his position." Knowles conceded that our opinion, Jacobsen v. State,
325 S.W.3d 733 (Tex. App.--Austin 2010, no pet.), "expressly held [the statute] to be constitutional
on the basis raised in his motion" but stated that he believed the argument would be brought before
the court of criminal appeals "at some point in time and we are raising it just for those purposes."
The trial court denied the motion, concluding, "I would rule, in addition to [being] untimely, that
it's already been ruled on and be denied for that reason."

 After the trial court denied the motion to quash, Knowles entered a guilty plea to all
four charges against him. He and his attorney signed several documents, including the plea bargain
explanation, which states that Knowles waived his right to file a motion for new trial and his right
to appeal, and the trial court's certification of his right to appeal, which states that the cause "is a
plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the
right to appeal."

 About one month later, another hearing was held, and the trial court opened the
hearing by stating that Knowles had presented for the court's signature a new and "corrected"
certification of his right to appeal that stated that Knowles retained the right to appeal matters raised
by "written motion filed and ruled on before trial," meaning the motion to quash filed the day of trial.
The trial court disagreed, stating that to be considered a pretrial motion, a motion to quash must be
filed seven days before the hearing and presented for a ruling before entering a plea, and concluding,
"[T]he day you entered a plea bargain and resolve[d] the case, it is too late, in my view." Knowles
explained that he only found the constitutionality issue the weekend before the trial setting and
asserted that the decision in Jacobsen did not fully dispose of his argument and that a statute's
constitutionality can be raised at any time. Knowles argued that because the trial court considered
and denied the motion to quash, the motion should be deemed timely. The trial court countered that
even constitutional issues can be waived, but Knowles insisted he had not done that. The trial court
said, "My position is you did by entering a plea," and refused to sign the "corrected" certification
form, stating, "[Y]our remedy of appeal has been waived."


Discussion

 Knowles asserts that he preserved his right to appeal matters raised pretrial by written
motion and that the trial court erred in ruling that he had waived the arguments he made in his
motion to quash. He states, "Nothing in the record indicates a waiver of the right to assert the
unconstitutionality of the statute that [Knowles] was charged under. The motion was filed and heard
prior to" the entry of his plea and sentencing. However, the trial court certified that Knowles waived
his right to appeal and that he had no right to appeal because it was a plea-bargain case. Because the
record does not show that the signed form is defective, we must dismiss the appeal. See Tex. R.
App. P. 25.2(d). 

 In a criminal case, the record must include the trial court's certification stating
whether the defendant has the right to appeal. Id. If the record does not include a certification that
the defendant has the right to appeal, the appeal "must be dismissed." Id. If a defendant in a plea-bargain case seeks to appeal something other than an issue raised in a written motion filed and
ruled on pretrial, we lack jurisdiction over the complaint unless the trial court grants the defendant
permission to appeal. See id. R. 25.2(a)(2); Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim. App.
2005); Estrada v. State, 149 S.W.3d 280, 284-85 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd)
("The right to appeal is not a constitutional right. It is a privilege dependent on statute."). Part of
our responsibility in a criminal appeal is to review the appellate record to ascertain whether the
certification is "defective." Dears, 154 S.W.3d at 613-15. A certification is considered to be defective
if it is "contrary to the record," in which case we must remand the cause to the trial court to obtain
a correct one. Id. at 613-14.

 Knowles is correct that a defendant who pleads guilty under a plea bargain retains the
right to appeal matters raised in written motions filed pretrial. See Tex. R. App. P. 25.2(a)(2)(A);
Broadway, 301 S.W.3d at 697 n.4. However, when a trial court sets a pretrial hearing, certain
motions, including a motion excepting to the form or substance of an indictment, must be filed
at least seven days before the hearing, unless the court finds good cause to file the motion late
and grants permission for the untimely filing. Tex. Code Crim. Proc. Ann. art. 28.01, §§ 1(4), 2.
(West 2006); (2) Hendricks v. State, 727 S.W.2d 816, 818 (Tex. App.--Fort Worth 1987, no pet.). If
the motion is not timely filed, "such preliminary matters . . . will not thereafter be allowed to be
raised or filed" without the trial court's permission. Tex. Code Crim. Proc. Ann. art. 28.01, § 2.

 Knowles did not file his motion to quash at least seven days before the pretrial
hearing held the week before trial was set to commence. See id. Instead, he filed it the morning of
trial and raised the issue after he and the State announced that they were ready to proceed but that
they had reached a plea agreement under which Knowles intended to plead guilty. Further, Knowles
and his attorney signed plea documents stating he waived his right to appeal and signed the
certification form that plainly stated he had no right to appeal. It was not until several weeks later
that Knowles sought to have the court sign a "corrected" form. The trial court held a hearing on that
request, reiterated that Knowles's motion to quash was not timely filed and that he had waived his
right to appeal, and refused to sign the new form.

 First, we hold that the trial court did not abuse its discretion in determining that
Knowles's motion, filed the morning the cause was set for trial, did not amount to a "pretrial" filing.
See id.; Scott v. State, 825 S.W.2d 521, 524-25 (Tex. App.--Dallas 1992, pet. ref'd) (court held
motion for independent testing was untimely filed because it was filed "[a] few minutes before"
pretrial hearing held nine days before trial, nothing indicated defendant had insufficient notice of
hearing, and trial was reset five times over three-month period; "We conclude that the trial court did
not reach the merits of the motion because of the belief that it was untimely and that this decision
was not an abuse of its discretion."); see also Tex. Code Crim. Proc. Ann. art. 1.14 (West 2005);
Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990) (information was substantively
defective but "on its face, an information" under the code of criminal procedure; "Once presented
to the trial court 'by an attorney for the State', the trial court obtained jurisdiction of the cause. . . .
Since appellant failed to make any pre-trial objection to the substance error in the information, it
is waived."); Martin v. State, No. 05-91-01485-CR, 1995 Tex. App. LEXIS 3388, at *6 (Tex.
App.--Dallas Sept. 7, 1995, no pet.) ("If the defendant does not object to an alleged defect in the
form or substance of an indictment before the date the trial starts, he waives the right to object to the
defect. . . . Here, appellant filed his motion to quash the indictment the day trial began. The next
day, appellant signed a waiver form. The waiver form included a provision expressly waiving any
defects in the indictment. Appellant has presented nothing for review.").

 Because the trial court was acting within its discretion to find that the motion to
quash was not a timely, pretrial motion, the record does not contradict or rebut the presumption that
the trial court's certification correctly reflects that Knowles waived his right to appeal. See Dears,
154 S.W.3d at 615 (clerk's record reflected that defendant had right to appeal, rebutting defective
certifications that causes were plea-bargain cases); Alzarka v. State, 90 S.W.3d 321, 324 (Tex. Crim.
App. 2002) (record contradicted boiler-plate waiver language in plea forms when trial court
explicitly consented to appeal and State admitted in briefing to court of appeals that trial court gave
permission for appeal); see also Pena v. State, 323 S.W.3d 522, 526-27 (Tex. App.--Corpus Christi
2010, no pet.) (dismissing appeal because record reflected that cause was plea-bargain case with no
right to appeal, contradicting certification that defendant had right to appeal). This conclusion is
reflected in and supported by the fact that Knowles and his attorney signed the certification, as well
as the plea bargain explanation, which also stated that Knowles waived his right to appeal.

Conclusion

 The trial court did not abuse its discretion in determining that Knowles's day-of-trial
motion to quash was not timely filed and need not be addressed, and the court then certified that
Knowles has no right to appeal both because he waived the right and because it was a plea-bargained
case. See Tex. R. App. P. 25.2(a)(1). The record does not show that the certification form is defective,
and we therefore dismiss this appeal. See id. R. 25.2(d).


 ___________________________________________

 David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Dismissed

Filed: July 26, 2012

Do Not Publish
1. The motion to quash was only filed in CR2009-446, not in the other three cases.
2. See also Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005) ("If the defendant does not
object to a defect, error, or irregularity of form or substance in an indictment or information before
the date on which the trial on the merits commences, he waives and forfeits the right to object to
the defect, error, or irregularity and he may not raise the objection on appeal or in any other
postconviction proceeding.").