# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00148-CR
### NO. 03-11-00149-CR
### NO. 03-11-00150-CR
### NO. 03-11-00187-CR

**Kenneth Ronald Knowles, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NOS. CR2009-446, CR2010-154, CR2010-155, CR2010-156
### HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 2009, appellant Kenneth Ronald Knowles was charged with continuous sexual abuse of his eight-year-old granddaughter (trial court cause number CR2009-446, our cause number 03-11-00148-CR). In April 2010, he was indicted for three additional charges—the continuous sexual abuse of two neighbors and one count of witness tampering. After the trial court denied a motion to quash he filed the morning the cases were set to go to trial,[1] Knowles pled guilty to all four charges and was sentenced in accordance with his plea bargains with the State. The trial court certified in all four causes that Knowles had no right to appeal both because the causes were plea-bargained cases and because he waived the right to appeal. *See* Tex. R. App. P. 25.2.

---

[1] The motion to quash was only filed in CR2009-446, not in the other three cases.

Knowles asserts that he did not waive his right to appeal the trial court's refusal to grant his day-of-trial motion to quash, which he claims was a written motion filed and ruled on pretrial. *See id.* R. 25.2(a)(2); *Ex parte Broadway*, 301 S.W.3d 694, 697 n.4 (Tex. Crim. App. 2009). However, although Knowles filed notices of appeal in all four causes, the motion to quash at issue here was only filed in trial court cause CR2009-446 (our cause number 03-11-00148-CR), and we are thus confined to considering whether Knowles retained any right to appeal in that cause alone. Knowles does not raise any arguments related to whether he retained the right to appeal in the other three cases, so we must dismiss the appeals in cause numbers 03-11-00149-CR, 03-11-00150-CR, and 03-11-00187-CR. *See* Tex. R. App. P. 25.2(d).

**Procedural Background**

On February 22, 2011, the trial court called CR2009-446 for jury trial, stating that the jury panel was ready to proceed. The State and Knowles stated that they were present and ready for trial, and the prosecutor then stated that the State and Knowles had worked out a plea agreement in CR2009-446 and the other three cause numbers. Knowles then said, "Your Honor, we have one pretrial matter that we would like to present to the court." The trial court refused, saying:

> That's well and good. Pretrials happen at multiple times, and you haven't presented anything untimely [sic] to present any pretrial matters on the morning of trial when the jury panel is waiting. You were here last Thursday and that was a pretrial setting, and there has been—I see probably one, two, three, four, five—five different pretrial motions settings that I see right off the top that you have been at. That would have been the time—and here is another back in January of 2010, December of 2009. If you had a pretrial matter to raise, that would have been the time to raise it. It is untimely to raise anything pretrial today. This is the day of trial.

The court went on to say, "You either go to trial or don't. I don't care, but there is nothing pretrial going to be considered. It is untimely."

Knowles asserted that because the issue raised in his motion to quash was related to the constitutionality of a statute, he had the right to bring it up at any point before trial, but the court reiterated that the motion was untimely. The State, when asked its opinion about the timeliness of the motion, said, "Your Honor, it's an easy matter to resolve because regardless of the jury, whether we have waived it timely or not, the Court of Appeals out of Austin has issued a published opinion directly against his position." Knowles conceded that our opinion, *Jacobsen v. State*, 325 S.W.3d 733 (Tex. App.—Austin 2010, no pet.), "expressly held [the statute] to be constitutional on the basis raised in his motion" but stated that he believed the argument would be brought before the court of criminal appeals "at some point in time and we are raising it just for those purposes." The trial court denied the motion, concluding, "I would rule, in addition to [being] untimely, that it's already been ruled on and be denied for that reason."

After the trial court denied the motion to quash, Knowles entered a guilty plea to all four charges against him. He and his attorney signed several documents, including the plea bargain explanation, which states that Knowles waived his right to file a motion for new trial and his right to appeal, and the trial court's certification of his right to appeal, which states that the cause "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right to appeal."

About one month later, another hearing was held, and the trial court opened the hearing by stating that Knowles had presented for the court's signature a new and "corrected"

3

certification of his right to appeal that stated that Knowles retained the right to appeal matters raised by "written motion filed and ruled on before trial," meaning the motion to quash filed the day of trial. The trial court disagreed, stating that to be considered a pretrial motion, a motion to quash must be filed seven days before the hearing and presented for a ruling before entering a plea, and concluding, "[T]he day you entered a plea bargain and resolve[d] the case, it is too late, in my view." Knowles explained that he only found the constitutionality issue the weekend before the trial setting and asserted that the decision in *Jacobsen* did not fully dispose of his argument and that a statute's constitutionality can be raised at any time. Knowles argued that because the trial court considered and denied the motion to quash, the motion should be deemed timely. The trial court countered that even constitutional issues can be waived, but Knowles insisted he had not done that. The trial court said, "My position is you did by entering a plea," and refused to sign the "corrected" certification form, stating, "[Y]our remedy of appeal has been waived."

**Discussion**

Knowles asserts that he preserved his right to appeal matters raised pretrial by written motion and that the trial court erred in ruling that he had waived the arguments he made in his motion to quash. He states, "Nothing in the record indicates a waiver of the right to assert the unconstitutionality of the statute that [Knowles] was charged under. The motion was filed and heard prior to" the entry of his plea and sentencing. However, the trial court certified that Knowles waived his right to appeal and that he had no right to appeal because it was a plea-bargain case. Because the record does not show that the signed form is defective, we must dismiss the appeal. *See* Tex. R. App. P. 25.2(d).

4

In a criminal case, the record must include the trial court's certification stating whether the defendant has the right to appeal. *Id.* If the record does not include a certification that the defendant has the right to appeal, the appeal "must be dismissed." *Id.* If a defendant in a plea-bargain case seeks to appeal something other than an issue raised in a written motion filed and ruled on pretrial, we lack jurisdiction over the complaint unless the trial court grants the defendant permission to appeal. *See id.* R. 25.2(a)(2); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Estrada v. State*, 149 S.W.3d 280, 284-85 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ("The right to appeal is not a constitutional right. It is a privilege dependent on statute."). Part of our responsibility in a criminal appeal is to review the appellate record to ascertain whether the certification is "defective." *Dears*, 154 S.W.3d at 613-15. A certification is considered to be defective if it is "contrary to the record," in which case we must remand the cause to the trial court to obtain a correct one. *Id*. at 613-14.

Knowles is correct that a defendant who pleads guilty under a plea bargain retains the right to appeal matters raised in written motions filed pretrial. *See* Tex. R. App. P. 25.2(a)(2)(A); *Broadway*, 301 S.W.3d at 697 n.4. However, when a trial court sets a pretrial hearing, certain motions, including a motion excepting to the form or substance of an indictment, must be filed at least seven days before the hearing, unless the court finds good cause to file the motion late and grants permission for the untimely filing. Tex. Code Crim. Proc. Ann. art. 28.01, §§ 1(4), 2. (West 2006);[2] *Hendricks v. State*, 727 S.W.2d 816, 818 (Tex. App.—Fort Worth 1987, no pet.). If

---

[2] *See also* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to

the motion is not timely filed, "such preliminary matters . . . will not thereafter be allowed to be raised or filed" without the trial court's permission. Tex. Code Crim. Proc. Ann. art. 28.01, § 2.

Knowles did not file his motion to quash at least seven days before the pretrial hearing held the week before trial was set to commence. *See id.* Instead, he filed it the morning of trial and raised the issue after he and the State announced that they were ready to proceed but that they had reached a plea agreement under which Knowles intended to plead guilty. Further, Knowles and his attorney signed plea documents stating he waived his right to appeal and signed the certification form that plainly stated he had no right to appeal. It was not until several weeks later that Knowles sought to have the court sign a "corrected" form. The trial court held a hearing on that request, reiterated that Knowles's motion to quash was not timely filed and that he had waived his right to appeal, and refused to sign the new form.

First, we hold that the trial court did not abuse its discretion in determining that Knowles's motion, filed the morning the cause was set for trial, did not amount to a "pretrial" filing. *See id.*; *Scott v. State*, 825 S.W.2d 521, 524-25 (Tex. App.—Dallas 1992, pet. ref'd) (court held motion for independent testing was untimely filed because it was filed "[a] few minutes before" pretrial hearing held nine days before trial, nothing indicated defendant had insufficient notice of hearing, and trial was reset five times over three-month period; "We conclude that the trial court did not reach the merits of the motion because of the belief that it was untimely and that this decision was not an abuse of its discretion."); *see also* Tex. Code Crim. Proc. Ann. art. 1.14 (West 2005);

_____

the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.").

6

*Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990) (information was substantively defective but "on its face, an information" under the code of criminal procedure; "Once presented to the trial court 'by an attorney for the State', the trial court obtained jurisdiction of the cause. . . . Since appellant failed to make any pre-trial objection to the substance error in the information, it is waived."); *Martin v. State*, No. 05-91-01485-CR, 1995 Tex. App. LEXIS 3388, at *6 (Tex. App.—Dallas Sept. 7, 1995, no pet.) ("If the defendant does not object to an alleged defect in the form or substance of an indictment before the date the trial starts, he waives the right to object to the defect. . . . Here, appellant filed his motion to quash the indictment the day trial began. The next day, appellant signed a waiver form. The waiver form included a provision expressly waiving any defects in the indictment. Appellant has presented nothing for review.").

Because the trial court was acting within its discretion to find that the motion to quash was not a timely, pretrial motion, the record does not contradict or rebut the presumption that the trial court's certification correctly reflects that Knowles waived his right to appeal. *See Dears*, 154 S.W.3d at 615 (clerk's record reflected that defendant had right to appeal, rebutting defective certifications that causes were plea-bargain cases); *Alzarka v. State*, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (record contradicted boiler-plate waiver language in plea forms when trial court explicitly consented to appeal and State admitted in briefing to court of appeals that trial court gave permission for appeal); *see also Pena v. State*, 323 S.W.3d 522, 526-27 (Tex. App.—Corpus Christi 2010, no pet.) (dismissing appeal because record reflected that cause was plea-bargain case with no right to appeal, contradicting certification that defendant had right to appeal). This conclusion is reflected in and supported by the fact that Knowles and his attorney signed the certification, as well as the plea bargain explanation, which also stated that Knowles waived his right to appeal.

## Conclusion

The trial court did not abuse its discretion in determining that Knowles's day-of-trial motion to quash was not timely filed and need not be addressed, and the court then certified that Knowles has no right to appeal both because he waived the right and because it was a plea-bargained case. *See* Tex. R. App. P. 25.2(a)(1). The record does not show that the certification form is defective, and we therefore dismiss this appeal. *See id.* R. 25.2(d).

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Dismissed

Filed:   July 26, 2012

Do Not Publish

8