

# NUMBER 13-13-00285-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**CHARLES MANGOLD,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Pursuant to a plea-bargain agreement, appellant, Charles Mangold, pleaded "nolo contendere" to possession of cocaine with intent to deliver, a second-degree felony.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (a), (c) (West, Westlaw through 2013 3d C.S.).   The trial court sentenced appellant to ten years of confinement in the Texas Department of Criminal Justice, Institutional Division, and imposed a $2,000 fine.   The

trial court, however, suspended the imposition of the sentence and placed appellant on community supervision for a term of five years. Several months later, the State moved to revoke appellant's community supervision. After a hearing on the motion to revoke, the trial court entered its "Order Imposing Sanctions on Defendant and Continuing or Modifying Probation," by which it ordered appellant to participate in a residential rehabilitation program called "Substance Abuse Felony Program."

By a single issue, appellant challenges that order, arguing that his modified community-supervision conditions are disproportionate relative to the seriousness of the offense that he committed, and are in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. We dismiss the appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Initial Offense

Appellant judicially confessed to committing the offense of cocaine possession and stipulated to the State's evidence of the offense. Specifically, while Corpus Christi police officers were investigating a traffic accident, they found that appellant had an active warrant out of another county. As appellant stood up, he attempted to conceal a black bag in a gap between the sidewalk and the grass. After handcuffing appellant and placing him in a patrol car, the officers found that the bag contained fourteen individually-wrapped plastic packages containing what the officers believed to be cocaine. The contents field-tested positive for cocaine. A Texas Department of Public Safety laboratory later found the bags weighed a total of 3.05 grams and contained cocaine.

2

**B. The Revocation Proceedings**

At the outset of the hearing on the State's motion to revoke, the trial court gave appellant various written admonishments. Appellant told the trial court that his attorney explained them to him and that he understood them. Appellant signed the document, thereby acknowledging that he read and understood the admonishments. The written admonishments explained that based on a finding of substance abuse, the trial court could place appellant in an in-patient residential treatment facility, including "a substance abuse felony punishment facility operated by the Texas Department of Criminal Justice." The written admonishments also explained that if the trial court found appellant violated the terms of his community supervision, but thereafter continued appellant on community supervision instead of revoking his community supervision, appellant would "have no right to appeal an Order sanctioning [him] and continuing [him] on community supervision."

Appellant pleaded "not true" to the allegations that he violated the conditions of his community supervision that prohibited the use of narcotics or controlled substances, and partially denied that he admitted to his community supervision officer that he smoked methamphetamine and marihuana laced with heroin on September 25, 2012. He pleaded true, however, to an allegation that he violated a condition requiring that he satisfactorily participate in a substance-abuse screening and that he submit to any diversionary program deemed necessary by the community supervision department. Appellant absconded from the court on September 28, 2012, before he could be taken into custody for placement in a substance abuse felony punishment facility.

Based upon appellant's plea of true to one allegation and the evidence presented, the trial court found all of the allegations in the motion to revoke to be true. The trial court, however, did not revoke appellant's community supervision. Instead, the trial court ordered that appellant be placed in a substance abuse felony punishment facility as a sanction and as a condition of his community supervision. The court orally advised appellant that because this was not a plea bargain case, he had the right to appeal. The trial court's written certification, executed the same day, also states that this "is not a plea bargain case, and the Defendant has the right of appeal."

## II. APPELLATE JURISDICTION

The State argues that the trial court's certification of appellant's right to appeal is defective and that our Court lacks jurisdiction over the instant appeal. We agree.

When a trial court's certification of defendant's right to appeal is challenged as defective, we review the record to determine (1) whether the trial court's certification is correct; and (2) our jurisdiction. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); *Pena v. State*, 323 S.W.3d 522, 527 (Tex. App.—Corpus Christi 2010, no pet.). A defective certification includes one which is correct in form, but which, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614; *Pena*, 323 S.W.3d at 527.

In this case, the record shows that the order appellant attempts to appeal is an order modifying the conditions of his community supervision. As the trial court correctly stated in its written admonishments to appellant at the revocation hearing, an order modifying conditions of community supervision is not appealable. *See Davis v. State*,

4

195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision."); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (same). Where, as here, a review of the record can resolve the deficiency in the trial court's certification against a finding of jurisdiction, there is no need to delay disposition of the appeal in order to direct the trial court to amend its certification of defendant's right to appeal. *See Pena*, 323 S.W.3d at 527; *Morgon v. State*, 135 S.W.3d 535, 538 (Tex. App.—Corpus Christi 2006, pet. ref'd). Because the record affirmatively demonstrates appellant does not have the right to appeal, we dismiss this appeal for lack of jurisdiction. *See Pena*, 323 S.W.3d at 527; *Morgon*, 135 S.W.3d at 538.

## III. CONCLUSION

This appeal is dismissed for want of jurisdiction.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of March, 2014.