

**NUMBER 13-20-00066-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ORLANDO GONZALES,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

**On appeal from the 290th District Court
of Bexar County, Texas.**

---

# ORDER OF ABATEMENT

**Before Justices Benavides, Hinojosa, and Silva
Order Per Curiam**

Appellant Orlando Gonzales has filed a notice of appeal with this Court from his conviction in trial court cause number 2019-CR-7846. The trial court's certification of the defendant's right to appeal shows that the case "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and

the defendant has the right of appeal[.]" *See* TEX. R. APP. P. 25.2(a)(2). However, the trial court's certification is not supported by the record. *See id.*

Prior to trial, Gonzales filed a motion to suppress the evidence recovered following a warrantless search that led to the discovery of a firearm in his waistband. However, Gonzales elected to wait until a jury was selected and sworn in prior to presenting the motion to the trial court. After the jury was sworn in, the trial court conducted a hearing on the motion to suppress outside the presence of the jury. At the conclusion of the hearing, the trial court denied Gonzales's motion. Gonzales subsequently accepted a plea deal wherein he pleaded guilty and the State waived the enhancements to the charge and requested no more than eight years' confinement. The trial court verbally admonished Gonzales twice that he had a limited right to appeal—when he entered the plea and when the trial court accepted the plea and sentenced him. Gonzales's trial counsel also notified the trial court of his intent to appeal at the conclusion of Gonzales's sentencing. Gonzales's notice of appeal stated that he "hereby gives notice that he desires to appeal on the basis that the substance of the appeal was raised by written motion and ruled on before trial and the trial court has granted permission for the Defendant to appeal."

An appellate court's jurisdiction in a plea bargain case is governed by Texas Rule of Appellate Procedure 25.2(a)(2). TEX. R. APP. P. 25.2(a)(2); *Pena v. State*, 323 S.W.3d 522, 525 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.). "In a plea bargain case . . . a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or (3) where the specific appeal is expressly authorized by statute." TEX. R. APP. P.

2

25.2(a)(2).

A trial court's certification of a defendant's right to appeal is defective if it erroneously certifies that a defendant does have the right to appeal when he does not. *Pena*, 323 S.W.3d at 526 (citing *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005)); *see Jones v. State*, 488 S.W.3d 801, 804–05 (Tex. Crim. App. 2016). However, we may use our discretion to determine if it is appropriate to require a new certification under the rules of appellate procedure. *Dears*, 154 S.W.3d at 614 (concluding "that an appellate court has the ability to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate."); Tex. R. App. P. 34.5(c), 37.1, 44.3, 44.4. "It is appropriate to order a trial judge to amend a certification of appeal when a procedural error 'abridge[s]' a defendant's right to appeal." *Pena*, 323 S.W.3d at 526 (quoting *Dears*, 154 S.W.3d at 614).

The trial court's certificate of Gonzales's right to appeal is not supported by the record because the record indicates that Gonzales's motion to suppress was not ruled on until after trial began. *See* Tex. R. App. P. 25.2(a)(2)(A). Accordingly, the certification of Gonzales's right to appeal is defective in this manner. *See Pena*, 353 S.W.3d at 527. As such, we believe it appropriate to abate and remand this appeal for confirmation or clarification of the trial court's certification of Gonzales's right to appeal.

Therefore, we ABATE this appeal and REMAND this cause to the trial court for a hearing to determine whether the appellant has the right of appeal. We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. The trial court's amended certification, and any orders it enters shall be included in a supplemental

3

clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of April, 2021.