

**In the**
**Court of Appeals**
**Second Appellate District of Texas**
**at Fort Worth**

———————————————

No. 02-26-00038-CR

———————————————

EX PARTE BRAD WILCOX

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. 26-0629-462

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Brad Wilcox appeals the denial of his pretrial application for a writ of habeas corpus. We do not have jurisdiction over this appeal and dismiss it.

## I. Background

After the Melissa Police Department issued an arrest warrant for Wilcox, the Denton County Sheriff's Office arrested him on December 11, 2025. He posted a bond the next day and was released from Denton County's custody. About a month later, the State filed an information for harassment against Wilcox in Collin County, opening a misdemeanor case against him in that county.

A week later—despite having a pending case in Collin County—Wilcox filed a pro se pretrial application for a writ of habeas corpus in Denton County concerning his Collin County case. Among other responsive grounds, the State argued that because the requested writ was returnable only in Collin County, the Denton County court should deny Wilcox's application. The trial court agreed and denied Wilcox's application. In its denial order, the trial court did not reach any of the merits of Wilcox's application and specifically determined that he had filed his application in the wrong court—in Denton County—instead of where his misdemeanor charge was pending in Collin County.

## II. Discussion

In its brief, the State urges us to dismiss Wilcox's appeal because the record does not indicate that the trial court reached the merits of his application and

2

demonstrates that it denied his application after determining that he had filed in the wrong court. We agree that this appeal should be dismissed on that basis.

As we explained in *Ex parte Mims*, "[w]hen a trial court considers and rules on the merits of a pretrial habeas claim, the losing party may appeal." Nos. 02-24-00324-CR, 02-24-00325-CR, 02-24-00326-CR, 2025 WL 647354, at *2 (Tex. App.—Fort Worth Feb. 27, 2025, pet. ref'd) (mem. op., not designated for publication) (first citing *Ex parte Villanueva*, 252 S.W.3d 391, 394–95 (Tex. Crim. App. 2008); and then citing *Ex parte Martinez*, No. 04-22-00475-CR, 2024 WL 349311, at *2 (Tex. App.—San Antonio Jan. 31, 2024, no pet.) (mem. op., not designated for publication)). But "if the trial court refuses to issue a writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claim, the applicant has no right to appeal." *Id.* (citations omitted). We thus determine whether we have jurisdiction over a trial court's pretrial habeas ruling by reviewing the entire record to determine if the trial court ruled on the merits of the claim. *Id.* (citing *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd)).

Here, Wilcox's habeas application challenged his arrest warrant, arrest, arraignment, bond, and criminal information. Instead of addressing any of these merits-based issues, the trial court denied his application after determining that he had filed his habeas application in the wrong court. *See* Tex. Code Crim. Proc. art. 11.06 (providing where a writ is returnable in misdemeanor cases); *In re Smith*, 665 S.W.3d 449, 461 (Tex. Crim. App. 2022) (determining that Article 11.06's

3

predecessor version did not allow a misdemeanor defendant to seek habeas relief from a Travis County court concerning his pending case in Kinney County); *Ex parte Tisdale*, No. 03-13-00785-CR, 2014 WL 1432359, at \*2 (Tex. App.—Austin Apr. 10, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that trial court's determination that it lacked jurisdiction over petitioner's habeas application was not reviewable on appeal); *Maddox v. State*, No. 08-01-00490-CR, 2002 WL 504971, at \*2 (Tex. App.—El Paso Apr. 4, 2002, no pet.) (not designated for publication) (holding that trial court's refusal to rule on habeas application based on jurisdictional grounds was not a merits-based ruling). Because the trial court did not reach the merits of Wilcox's habeas application in denying it, he does not have the right to appeal the denial order. *See Mims*, 2025 WL 647354, at \*2; *Tisdale*, 2014 WL 1432359, at \*2; *Maddox*, 2002 WL 504971, at \*2.

### III. Conclusion

Accordingly, we dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 43.2(f); *Mims*, 2025 WL 647354, at \*2.[2]

---

[1]The record lacks a certificate of Wilcox's right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). But because the record affirmatively demonstrates that we lack jurisdiction to consider this appeal, we must dismiss it on that basis and need not request the missing certificate. *See, e.g.*, *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (reasoning that appellate court may use rules 37.1 and 34.5(c) to obtain a certification, "whenever appropriate"); *Osborne v. State*, No. 03-16-00802-CR, 2017 WL 1315342, at \*3 (Tex. App.—Austin Apr. 5, 2017, pet. ref'd) (mem. op., not designated for publication) (concluding that "because the record before us shows that [defendant] has no right of appeal, contrary to the trial court's defective certification, we are not required to obtain an amended certification before dismissing this appeal");

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 4, 2026

---

*Brooks v. State*, No. 02-12-00196-CR, 2012 WL 2036473, at *2 (Tex. App.—Fort Worth June 7, 2012, no pet.) (mem. op., not designated for publication) (declining to order the trial court to amend its certification to reflect that defendant had no right of appeal "because doing so would be a useless act—[defendant] would still be unable to appeal his conviction"); *Pena v. State*, 323 S.W.3d 522, 527 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) (concluding that court of appeals did "not need to order the trial court to correct the certification because the record affirmatively demonstrate[d] that [defendant] d[id] not have the right to appeal").

[2]We deny Wilcox's pending motions as moot.