COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| DANIEL SHERWOOD, | § | |
|---|---|---|
| | | No. 08-10-00115-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 213th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 1161816D) |
| | § | |

## **O P I N I O N**

Appellant, Daniel Sherwood, was convicted of possession of a controlled substance in an amount of less than one gram and sentenced to ninety days in the county jail. In three issues on appeal, he complains of the court reporter's failure to transcribe a hearing and alleges that the trial court erred by denying his motion to suppress. For the reasons that follow, we do not address the merits of Appellant's contentions but rather dismiss the appeal.

## **BACKGROUND**

The facts of this case are quite simple. Appellant was stopped for following too close behind another vehicle, and during a subsequent search of the car he was driving, illegal drugs were found. Appellant then filed a motion to suppress, and after a hearing, the trial court overruled the same. Subsequently, Appellant and the State entered into a plea-bargain agreement where, in exchange for a plea of guilty to the offense, the State would recommend a sentence of ninety days in the county jail. The written admonishments, which were signed by Appellant and his attorney, also stated that he was pleading freely, knowingly, and voluntarily, and that he waived all of his pretrial motions, all rights secured to him by law, and any and all rights of appeal. The Court then approved the plea-

bargain agreement, found that Appellant's plea was intelligently, freely, and voluntarily entered, convicted him of the charged offense, and sentenced him to ninety days in county jail. Appellant now attempts to appeal from that conviction.

## DISCUSSION

Appellant raises three issues on appeal. The first contends that the trial court erred by failing to make a complete reporter's record of all proceedings, including the hearing on his plea of guilty. The second asserts that he is entitled to a new trial because no reporter's record was made of the hearing on his plea of guilty. And the third alleges that the trial court erred by denying his motion to suppress. In response, the State argues that because the record reflects that Appellant waived his right to appeal, we lack authority to address Appellant's complaints and must, therefore, dismiss the appeal. We agree with the State.

The parties do not contest that this appeal arises from a plea-bargained case. Therefore, we initially address what rights Appellant waived in pleading guilty in exchange for a recommended punishment of ninety days in county jail. A defendant in a noncapital case may waive any right secured him by law, including his right to appeal. *Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000); *Stanley v. State*, 111 S.W.3d 773, 774 (Tex. App. – Fort Worth 2003, no pet.). Here, the plea papers reflect that Appellant, in exchange for a sentence of ninety days in the county jail, "g[a]ve up and waive[d] all pretrial motions that may have been filed in connection with [this] case," that he "g[a]ve up and waive[d] all rights given to [him] by law," and that he "g[a]ve up and waive[d] any and all rights of appeal in this case." When a defendant waives his right of appeal as part of an agreement on sentencing and the agreement is followed by the trial court, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants him permission. *Ex parte Delaney*, 207 S.W.3d 794, 798-99 (Tex. Crim. App.

2006); *Blanco*, 18 S.W.3d at 219-20.  Because the trial court followed the agreement by sentencing Appellant to ninety days in the county jail, it appears that Appellant, knowingly, intelligently, and voluntarily, expressly waived his right to appeal.  *See Carrillo v. State*, No. 2-06-228-CR, 2007 WL 1879773, at *1 (Tex. App. – Fort Worth June 28, 2007, pet. ref'd) (mem. op., not designated for publication).

However, despite Appellant's waiver of his right to appeal, the trial court was still required to certify his right, if any, to appeal.  *Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex. Crim. App. 2006).  That process required the trial court to check the appropriate box on the certification form contained in Appendix D in the Texas Rules of Appellate Procedure.  *Id*.  Those choices included that: (1) this case was not a plea-bargain and the defendant has the right of appeal; (2) this case was a plea-bargain case but the defendant has the right of appeal because he satisfied the requirements of Rule 25.2(a)(2)(A) or (a)(2)(B); (3) this case was a plea-bargain and the defendant has no right of appeal; or (4) the defendant waived his right of appeal in this case.  *Id*.  Rule 25.2(a)(2) states that a defendant may only appeal "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal."  TEX. R. APP. P. 25.2(a)(2).

We, as an appellate court, are obliged to review the record to ascertain whether the certification properly reflects the proceedings below.  *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).  If the record is incomplete, we review "whatever record does exist that indicates that an appellant has the right to appeal . . . ."  *Greenwell v. Court of Appeals for Thirteenth Judicial Dist*., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005).  The certification's recitations must be true and supported by the record.  *Saldana v. State*, 161 S.W.3d 763, 764 (Tex. App. – Beaumont 2005, no pet.).

Here, the trial court certified that although this is a plea-bargained case, Appellant may

appeal matters arising from his pretrial motions that were filed and ruled on by the court. This certification, however, does not accurately reflect the proceedings below as Appellant expressly waived his right to appeal.[1] Accordingly, the certification is defective. We next determine whether we must order the trial court to submit a corrected certification or rather simply dismiss the case.

When appropriate, we have discretion to order that a defective certification be corrected. *See Dears*, 154 S.W.3d at 614. It is appropriate to order an amended certification when the error may abridge a defendant's right to appeal. *See Pena v. State*, 323 S.W.3d 522, 526 (Tex. App. – Corpus Christi 2010, no pet.) (citing *Dears*, 154 S.W.3d at 614 (noting that appellate rule 37.1 is the vehicle for amending defective certifications where a correctable error impedes a defendant's right to appeal)). However, when the record is clear that the defendant waived any and all rights to appeal, ordering a corrected certification would serve no purpose other than to delay further proceedings as the defendant would still be unable to appeal his conviction. *Greenwell*, 159 S.W.3d at 649 (noting that "[t]he purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases. Certification allows appealable cases to move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases."); *Pena*, 323 S.W.3d at 527 (concluding that appellate court may dismiss appeal from a defective certification when a defendant lacks the ability to appeal); *but see Menjivar v. State*, 264 S.W.3d 137, 142 (Tex. App. – Houston [1st Dist.] 2007, no pet.) (concluding that when the certification is

---

[1] The Court of Criminal Appeals recently acknowledged that the trial court may not unilaterally alter the terms of a plea bargain between the State and the defendant, but rather may only choose to accept or reject that agreement in its entirety. *See Moore v. State,* 295 S.W.3d 329, 332 (Tex. Crim. App. 2009). Therefore, the trial court in this case could not alter the terms of the plea agreement by allowing Appellant to appeal certain matters when he expressly waived all rights to appeal as part of his agreement with the State, unless the trial court granted Appellant express permission to do so. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003); *Blanco*, 18 S.W.3d at 220; *Stanley v. State*, 111 S.W.3d 773, 774 (Tex. App. – Fort Worth 2003, no pet.). Here, the trial court did not, or it would have checked the box that stated this was a plea-bargain case but the court grants permission to appeal.

defective by stating that a right of appeal exists where the record affirmatively shows no right of appeal, appellate court must still order the trial court to correct the defect in the certification and give both parties advance notice of intent to dismiss the appeal). Because we have concluded that Appellant waived his right to appeal, we do not need to waste further resources by ordering the trial court to correct the certification. *Pena*, 323 S.W.3d at 527; *Carrillo*, 2007 WL 1879773, at *1. Accordingly, we simply dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

GUADALUPE RIVERA, Justice

May 4, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)