**Dismissed and Memorandum Opinion filed October 17, 2013**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00741-CR

**WALTER MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1379803**

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea-bargain agreement with the State, appellant entered a plea of guilty to aggravated robbery with a deadly weapon. Appellant was indicted for capital murder. The plea-bargain in this case entailed the reduction of the charge to aggravated robbery in exchange for appellant's plea to the reduced charge. *See Shankle v. State,* 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). In accordance with the terms of appellant's plea agreement with the State, the trial court found

appellant guilty of aggravated robbery with a deadly weapon. The trial court then sentenced appellant to confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant has filed a notice of appeal. We dismiss the appeal.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). A charge-bargain, like that entered into by the appellant and the State in this case, where the defendant agrees to plead guilty to a lesser or related offense in exchange for the prosecutor dismissing or refraining from bringing another charge, is a plea-bargain under Texas Rule of Appellate Procedure 25.2. *See Shankle,* 119 S.W.3d at 813–14.

The clerk's record contains the trial court's certification stating that that this is not a plea-bargain case, and the defendant has the right of appeal.[1] *See* Tex. R. App. P. 25.2(a)(2). We conclude that the trial court's certification of appeal is defective because it inaccurately characterizes appellant's conviction as not arising out of a plea bargain, when the record clearly demonstrates there was a plea bargain. Accordingly, we do not have jurisdiction over this appeal. Tex. R. App. P. 25.2(A)(2); *Sherwood v. State,* 340 S.W.3d 929, 932 (Tex. App.—El Paso 2011, no pet.) ("[W]hen the record is clear that the defendant waived any and all rights to appeal, ordering a corrected certification would serve no purpose other than to delay further proceedings as the defendant would still be unable to appeal his conviction.")

Accordingly, we dismiss the appeal.

---

[1] We note it appears from the record that the trial court originally certified this "is a plea-bargain case and the defendant has NO right of appeal."

PER CURIAM

Panel consists of Justices Christopher, Donovan and Brown.

Do Not Publish ─ Tex. R. App. P. 47.2(b)