COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | | |
|---|---|---|---|
| ARTURO PORRAS, | | § | No. 08-12-00265-CR |
| | Appellant, | § | Appeal from the |
| v. | | § | 205th District Court |
| THE STATE OF TEXAS, | | § | of El Paso County, Texas |
| | Appellee. | § | (TC# 20110D01710) |
| | | § | |

# **O P I N I O N**

Arturo Porras appeals from the trial court's judgment placing him on deferred adjudication community supervision for the offense of indecency with a child. In a single issue, Appellant contends the trial court erred by denying his motion to suppress his pretrial statement to police on the grounds that it was involuntarily and improperly induced. For the reasons that follow, we do not address the merits of Appellant's arguments and dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with the offense of indecency with a child by contact. Prior to trial, Appellant moved to suppress his statements to police. After a hearing, the trial court denied Appellant's motion to suppress and entered findings of fact and conclusions of law.

Appellant and the State subsequently entered into a plea bargain agreement wherein

Appellant agreed to plead guilty in exchange for the State's recommendation that the trial court defer adjudicating Appellant's guilt and place Appellant on ten years' community supervision. The section of the plea papers designated "Waiver of Rights, Plea and Acknowledgment by the Defendant," signed by Appellant stated that he was informed of his right to pursue a motion for new trial and appeal, including his right to appeal a subsequent adjudication of guilt after being placed on deferred adjudication community supervision or a revocation of regular community supervision, and that after consulting with his attorney, he was voluntarily, knowingly, and intelligently waiving his right to pursue a motion for new trial or appeal. Appellant further agreed that any motion for new trial or appeal he pursued would not be effective without the express written consent of the State's prosecuting attorney.

The plea papers also consisted of an acknowledgment signed by Appellant's counsel certifying that he explained to Appellant all of the rights to which he was entitled including the right to appeal, and that Appellant freely and voluntarily waived his rights, and that counsel joined Appellant in the waiver of those rights. The trial court approved and accepted the plea bargain agreement and found that Appellant freely and voluntarily pleaded guilty. The trial court also found that Appellant understood the consequences of waiving his right to file a motion for new trial and to request permission to file an appeal, and his right to appeal a subsequent adjudication of guilt if placed on deferred adjudication community supervision, and that Appellant voluntarily, knowingly, and intelligently waived such rights. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Appellant challenges the trial court's denial of his motion to suppress. The State maintains this appeal should be dismissed because Appellant waived his

right to appeal as part of a valid plea agreement and failed to obtain the consent of the State and trial court to appeal.   Appellant did not file a reply to the State's brief.

Because the record clearly demonstrates and the parties do not dispute that Appellant entered into a plea bargain with the State which the trial court approved and accepted, we focus on the rights Appellant waived and the terms of the plea agreement.   In a plea bargain case, a defendant may appeal only those matters raised by written motion filed and ruled on before trial or after obtaining the trial court's permission to appeal.   *See* TEX.R.APP.P. 25.2(a)(2).   A defendant can waive any rights secured him by law.   TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005). A defendant's voluntarily, knowingly, and intelligently made waiver of the right to appeal will prevent him from appealing without consent of the trial court.   *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex.Crim.App. 2009); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003). However, Appellant does not require the permission of the trial court on those matters which have been raised by written motion or filed prior to trial.   TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006).

Here, the plea papers reflect Appellant "voluntarily, knowingly and intelligently waive[d] [his] right to pursue a motion for new trial or appeal," and that he further agreed "any motion for new trial or appeal that [he] pursue[d] shall not be effective without the express written consent of the State's prosecuting attorney."   The plea papers also show the trial court found that Appellant understood the consequences of waiving the right to file a motion for new trial and to request permission to file an appeal, and that he voluntarily, knowingly, and intelligently waived such rights.   Based on the foregoing and because the trial court accepted and approved the plea agreement, it seems the waiver of Appellant's right to appeal was knowingly, intelligently, and

3

voluntarily made.  *See Sherwood v. State*, 340 S.W.3d 929, 931 (Tex.App. – El Paso 2011, no pet.).

The State relies on this Court's decision in *Sherwood*, to argue that Appellant is bound by his waiver of the right to appeal, and that Appellant's knowing, intelligent, and voluntary waiver of any right to appeal extends to "matters that were raised by written motion filed and ruled on before trial," and that this appeal should be dismissed.  In *Sherwood*, we dismissed the appeal after concluding the defendant knowingly, intelligently, voluntarily and expressly waived any and all of his rights to appeal and that the trial court's certification of the defendant's right of appeal was defective.  *See id.* at 931-33.  The plea papers in *Sherwood* showed that the defendant, in exchange for a sentence of ninety days in the county jail, gave up and waived all pretrial motions that may have been filed in connection with his case, all rights given to him by law, and any and all rights of appeal in the case.  *Id*. at 931.  The waiver language of the plea papers in *Sherwood* differs from the waiver language in the instant case.  We cannot agree with the State's position that Appellant knowingly, intelligently, and voluntarily waived the right to appeal matters that were raised by written motion filed and ruled on before trial by the waiver language contained.  However, Appellant further agreed any appeal that he pursued would not be effective without the express written consent of the State's prosecuting attorney.

We note Appellant's ability to appeal the trial court's judgment is limited because he expressly agreed that any appeal that he pursued would not be effective without the express written consent of the State.  *See Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex.Crim.App. 2013) (noting that once a plea agreement is reached by the State and the defendant and is accepted by the trial court, the parties are entitled to the benefit of the bargain); *Moore v. State*, 295 S.W.3d 329, 331

4

(Tex.Crim.App. 2009) (stating that a plea agreement is a contract between the State and the defendant); *see also Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex.Crim.App. 2000) (affirming appellate court's dismissal of appeal and finding no valid or compelling reason why appellant should not be held to his bargain with the State where that appellant was fully aware of the consequences of his bargain when he waived his right to appeal and it was not unfair for appellant to live with consequences).  We can see no reason why Appellant should not be held to his contract with the State in that any appeal he pursued would not be effective without the express written consent of the State.

Next, we must determine whether the trial court's certification of Appellant's right to appeal was defective.  The rules of appellate procedure require that a trial court enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  *See* TEX.R.APP.P. 25.2(a)(2); *see also Sherwood*, 340 S.W.3d at 931 (stating that trial court was still required to certify appellant's right to appeal, if any, despite the waiver of his right to appeal) (*citing Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006)).  We are obligated to review the record to ascertain whether the trial court's certification properly reflects the proceedings below.  *Sherwood*, 340 S.W.3d at 932 (*citing Dears v. State*, 154 S.W.3d 610, 614-15 (Tex.Crim.App. 2005)).  A certification is defective if it is correct in form but, when compared with the record before the court, proves to be inaccurate.  *Dears*, 154 S.W.3d at 614.  If the record is incomplete when ascertaining whether a certification is defective, we review whatever record does exist indicating that an appellant has the right to appeal.  *Terrell v. State*, 245 S.W.3d 602, 604 (Tex.App. – Houston [1st Dist.] 2007, no pet.).  The recitations of the trial court's certification must be true and supported by the record.  *Sherwood*, 340 S.W.3d at 932.

5

The clerk's record contains two trial court certifications. On July 20, 2012, the trial court certified that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." On August 17, 2012, Appellant filed a notice of appeal which contained another trial court certification signed August 16, 2012, stating that "the defendant's appeal is in a plea-bargain case, and the defendant has the right of appeal."

The trial court's certifications do not appear to conform to the record. The record shows that as part of his plea agreement with the State, Appellant not only expressly waived his right to appeal, but he agreed that any appeal he pursued would not be effective without the express written consent of the State. The record does not contain any indication that the State gave its express written consent to the appeal as agreed upon in the plea agreement signed by the parties. Accordingly, we conclude that the trial court's certification of appeal is defective, and that we lack jurisdiction over this appeal. TEX.R.APP.P. 25.2(a)(2); *Sherwood*, 340 S.W.3d at 932-33 (dismissing appeal where plea agreement was to waive appeal and trial court's certification was inaccurate because it did not accurately reflect trial court proceedings); *Pena v. State*, 323 S.W.3d 522, 525-26 (Tex.App. – Corpus Christi 2010, no pet.) (where record affirmatively demonstrates appellant did not have right to appeal appellate court not required to order trial court to correct certification). Therefore, we dismiss the appeal. *See Blanco*, 18 S.W.3d at 220 (affirming dismissal of appeal where there was no valid or compelling reason appellant should not be held to bargain to waive right of appeal in exchange for State's recommended sentence); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006) (once appellate court determines defendant did not have the right to appeal, dismissal is required).

## CONCLUSION

For the reasons stated above, the appeal is dismissed.


                                        GUADALUPE RIVERA, Justice

March 19, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)